UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:05-cr-133-jgm |
| | : | |
| RICHARD E. MOSES, JR. | : | |
| | : | |
| _____ | : | |

RULING ON PETITIONER'S MOTION FOR RECUSAL
(Doc. 350)

I.  Introduction

Petitioner Richard E. Moses, Jr. has moved this Court for an order to recuse the undersigned from hearing Moses' motion to vacate his conviction under 28 U.S.C. § 2255.  (Doc. 350.)  The Court assumes the parties' familiarity with the underlying facts and extensive procedural history.  See United States v. Moses, No. 1:05-cr-133, 2010 WL 3521724 (D. Vt. Sept. 7, 2010) aff'd, 441 F. App'x 795 (2d Cir. 2011), cert. denied, 132 S. Ct. 794 (Nov. 28, 2011).  For the reasons that follow, Moses' motion is denied.

II. The Legal Standard for Recusal

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  This inquiry is an objective one.  See Liteky v. United States, 510 U.S. 540, 548 (1994) (noting that "what matters is not the reality of bias or prejudice but its appearance").  The Court asks "whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'"  Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 881 (2009).  In other words, the question "is whether an objective, disinterested observer fully informed of the facts, would entertain significant doubt that justice would be done absent recusal."  ISC Holding AG v.

Nobel Biocare Fin. AG, 688 F.3d 98, 107 (2d Cir. 2012) (internal citation and quotation marks omitted). Litigants, however, are "entitled to an unbiased judge; not to a judge of their choosing." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988). Moreover, "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir. 2009). "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Drexel, 861 F.2d at 1312.

III. Discussion

    A. Moses' Motion is Timely

As a preliminary matter, "[t]he Second Circuit has read a timeliness requirement into 28 U.S.C. § 455." Katzman v. Victoria's Secret Catalogue, 939 F. Supp. 274, 277 (S.D.N.Y. 1996); see Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987). Moses filed his recusal motion on October 31, 2012, ten days before filing a § 2255 motion to vacate his conviction. Because a § 2255 petition is a "separate proceeding, independent of the original criminal case," Andrews v. United States, 373 U.S. 334, 338 (1963), Moses' motion is considered timely. See, e.g., Hoffenberg v. United States, 333 F. Supp. 2d 166, 173 (S.D.N.Y. 2004) (finding timely a recusal motion filed three weeks after filing of § 2255 petition).

    B. Moses' Motion Lacks Merit

Moses argues the Court should recuse itself because it "had already made up [its] mind that Moses was guilty of the charges" during his criminal trial. (Doc. 350 at 1.) Moses' claim is based on the Court's alleged participation in plea discussions in violation of Federal Rule of Criminal Procedure 11(c)(1) during his 2008 criminal trial. (Doc. 350 at 1.) This claim has already been litigated – at every level. On September 7, 2010, the Court denied Moses' motion to withdraw his

guilty plea based on the Rule 11 claim. <u>Moses</u>, 2010 WL 3521724, at *21. On October 20, 2011, the Second Circuit summarily affirmed the conviction, sentence, and denial of Moses' motion to withdraw his plea. <u>Moses</u>, 441 F. App'x at 797. And on November 28, 2011, the Supreme Court denied Moses' petition for writ of certiorari. <u>Moses</u>, 132 S. Ct. 794. This recusal motion is an undisguised attempt to relitigate the Rule 11 claim in hopes of an alternative outcome. <u>Chen</u>, 552 F.3d at 227; <u>see</u> <u>Securacomm Consulting, Inc. v. Securacom Inc.</u>, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Instead, "[a]lmost invariably," adverse rulings are "proper grounds for appeal, not for recusal." <u>Liteky</u>, 510 U.S. at 555. As mentioned above, Moses has exercised his rights of appeal. The Court therefore declines to revisit the merits of his Rule 11 claim.

   Even liberally construing the recusal motion as distinct from his original Rule 11 claim – i.e., that the Court entered into plea discussions *because* it was biased – it rests on a misreading of this Court's 2010 denial of Moses' motion to withdraw his guilty plea. Moses argues that the Court incorrectly cited <u>United States v. Cano-Varela</u>, 497 F.3d 1122, 1133-34 (10th Cir. 2007), when the Court stated that "[w]hile the Court may have been concerned about Moses facing a life sentence, the case law makes clear that any such good intentions by the Court are irrelevant, and Rule 11(c)(1) analyses are to be based on objective facts." <u>Moses</u>, 2010 WL 3521724 at *18. Moses mistakenly reads this sentence as declaring that a Rule 11 violation is irrelevant so long as it is based on the Court's good intentions. <u>See</u> Doc. 350 at 4 ("[T]he Judge acknowledged he participated in the plea negotiations, and[] said he did so because he was concerned about Moses receiving a life sentence, then held that such Rule 11 violation was irrelevant . . . ."); <u>id.</u> at 5 ("According to Judge Murtha, Rule 11 allows a Judge to participate in plea negotiations as long as the judge functions in an avuncular capacity."). Based on this misreading, Moses argues that by incorrectly stating that Rule

3

11 has a subjective standard, the Court demonstrated it "was suffering from a bias cindition [sic]" at trial and believes that it will "suffer agin [sic] from the same altered judicial position" in § 2255 proceedings. (Doc. 350 at 4.)

That sentence, of course, does not mean what Moses reads it to mean. Moses correctly cites Cano-Varela for the proposition that "Rule 11 . . . contains no avuncular-judge exception." 497 F.3d at 1134. So did the Court. See Moses, 2010 WL 3521724 at *18 ("[T]he case law makes clear that any such good intentions by the Court are irrelevant.") (citing Cano-Varela, 497 F.3d at 1133-34). Without his mistaken "avuncular-judge exception" argument, the basis for Moses' recusal motion is removed. Moses cannot "credibly argue that an objective and informed observer considering the circumstances here would entertain significant doubt as to whether justice would be done in this case." ISC Holding AG, 688 F.3d at 108; see Caperton, 556 U.S. at 881. No reasonable person, knowing and understanding all the relevant facts in this case, would conclude that the Court's impartiality might reasonably be questioned.

IV. Conclusion

For the reasons set forth above, Moses' Motion to Recuse District Court Judge Murtha (Doc. 50) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 17th day of October, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge