UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:05-cr-133-jgm |
| | : | |
| RICHARD E. MOSES, JR. | : | |
| | : | |

ORDER
(Doc. 374)

The Magistrate Judge's Report and Recommendation was filed June 14, 2013. (Doc. 374.) It recommends Moses' habeas petition under 28 U.S.C. § 2255 (Doc. 351) and his motions to clarify a previous order of the Court (Doc. 356), compel discovery (Doc. 358), and appoint counsel (Doc. 373) all be denied, and his motion to proceed in forma pauperis (Doc. 372) be denied as moot. After de novo review and due consideration of Moses' objections (Doc. 377), the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED.[1]  See 28 U.S.C. § 636(b)(1).

Still pending is Moses' motion for acquittal and dismissal of the indictment (Doc. 359), which the Court notified Moses it intended to construe under § 2255 (Doc. 380). He also seeks to amend his § 2255 petition based on an alleged intervening change in the law surrounding Federal Rule of Criminal Procedure 11. (Doc. 384.) The Court assumes the parties' familiarity with the

---

[1] The Court construes Doc. 378 as part of Moses' objections to the Report and Recommendation and has reviewed his arguments de novo. The Court notes and corrects a typographical error in footnote 2 of the Report and Recommendation, where it states, "[O]n May 15, 2008, the government filed a Superseding Information setting forth two prior drug felonies – a 2000 New Hampshire state conviction for felony sale of [] cocaine and the 2001 New Hampshire state conviction for felony sale of cocaine." (Doc. 374 at 6 n.2.)  This sentence should instead refer to two 2001 New Hampshire convictions for the felony sale of cocaine – not one in 2000 and one in 2001. See Doc. 128 and Doc. 378-1.  In other words, Moses was convicted twice (albeit on a single day) in 2001:  once for felony sale of cocaine on or about February 25, 2000, and once for felony sale of cocaine on or about March 15, 2000.  Id.  Moses seizes on this typo to argue, in essence, that he was never convicted in 2000 and therefore only convicted once and not initially subject to a mandatory term of life imprisonment.  (Doc. 378 at 2, 5-6.)  Because he actually was convicted twice in 2001, his argument is without merit.

underlying facts and extensive procedural history. See United States v. Moses, No. 1:05-cr-133, 2010 WL 3521724 (D. Vt. Sept. 7, 2010), aff'd, 441 F. App'x 795 (2d Cir. 2011), cert. denied, 132 S. Ct. 794 (Nov. 28, 2011). For the following reasons, these motions are denied.

I.    Motion for Acquittal

The Court construes the motion for acquittal under § 2255 because it is essentially a collateral attack on Moses' Count Six conviction. See, e.g., United States v. McDonald, 326 F. App'x 880, 883 (6th Cir. 2009) (construing motion for acquittal under § 2255). When Moses filed the motion for acquittal, his § 2255 petition was still pending in this Court. Under Castro v. United States, 540 U.S. 375 (2003), a district court may not recharacterize a pro se litigant's motion under § 2255 without first warning the petitioner of the restrictions on second or successive motions. Id. at 383. Moses was provided notice of the Court's intent on October 23, 2013 (Doc. 380), and, in any event, the motion for acquittal is not treated as a second § 2255 petition because his first one was still pending at the time of filing. "[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002). This construction "allow[s] the petitioner the benefit of the more flexible standards of Federal Rule of Civil Procedure 15, rather than the 'more stringent standards' . . . for 'second or successive' petitions." Whab v. United States, 408 F.3d 116, 119 (2d Cir. 2005) (quoting Ching, 298 F.3d at 177). Thus, the Court will consider the motion for acquittal as a motion to amend his § 2255 petition, subject to the "flexible standards" of Rule 15.[2]

---

[2] Although Moses requested the Court construe his motion for acquittal as an amendment to his pending § 2255 (i.e., not a motion to amend) or he would withdraw it (Doc. 383), there is no need for Moses to withdraw his motion because it is not subject to the restrictions on second or successive motions under § 2255.

Under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2241 et seq. ("AEDPA"), prisoners in federal custody have a one-year period of limitation in which to file a § 2255 petition. That one year period runs "from 'the date on which the judgment of conviction becomes final.'" Green v. United States, 260 F.3d 78, 80 (2d Cir. 2001) (quoting § 2255(1)). In this case, the clock started when the Supreme Court denied Moses' petition for a writ of certiorari on November 28, 2011. See id. at 84 ("[A] prisoner's conviction becomes final under section 2255 of the AEDPA when the United States Supreme Court denies the prisoner's petition for a writ of certiorari."). Moses timely filed his pending § 2255 petition on November 9, 2012, seeking to vacate his sentence based on claims of ineffective assistance of counsel ("IAC") and the Court's alleged violation of Fed. R. Crim. P. 11 at trial. (Doc. 351-1 at 5, 10.) In his motion for acquittal filed February 6, 2013 (i.e., more than two months after expiration of the one-year AEDPA time limit), Moses claims Count Six of his indictment failed to correctly charge him with a crime, leading to an "illegal sentence." (Doc. 359 at 7.)

As mentioned above, the Court construes Moses' motion for acquittal as a motion to amend his pending § 2255 petition by adding the defective indictment claim. Courts may allow a pro se petitioner to amend a § 2255 petition with additional claims -- beyond the one-year AEDPA time limit -- as long as they "relate back" to the claims in the original petition under Rule 15(c)(2). Mayle v. Felix, 545 U.S. 644, 650 (2005); see Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 815 (2d Cir. 2000) ("Subsection (c) of Rule 15 governs motions to amend where (as here, given the AEDPA) the statute of limitations for the underlying cause of action has already run."). A claim relates back if it is "tied to a common core of operative facts" as the original petition. Mayle, 545 U.S. at 664. Moses' defective indictment claim must therefore "relate back" to the claims in his § 2255 petition.

It does not. The defective indictment claim fails to relate back to a common core of operative facts within his § 2255 petition's claims of ineffective appellate counsel and an alleged Rule 11 violation. Moses instead raises a Due Process claim under the Fifth Amendment to the United States Constitution. This is more than simply a different legal theory based on the same set of operative facts as his Rule 11 and IAC claims. The latter refer to the Court's conduct at trial in 2008 and Moses' counsel's conduct on appeal in 2010 (Doc. 374 at 15); the former alleges the Government's 2006 superseding indictment failed to correctly charge him (Doc. 359 at 5, 7). See Mayle, 545 U.S. at 650 ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."); see also Gibson v. Artus, 407 F. App'x 517, 519 (2d Cir. 2010) (holding that petitioner's new allegations of ineffective counsel were "in no way related" to his original IAC claims) (citing Mayle). Moses' motion for acquittal, construed as a motion to amend his pending § 2255 petition, is therefore denied.

Even assuming arguendo the defective indictment claim relates back to his original § 2255 petition, it is meritless. On August 11, 2008, Moses pleaded guilty (Doc. 203 at 27-28) to Count Six of the superseding indictment, in which a grand jury charged Moses "did knowingly and intentionally conspire to use, carry and possess a firearm, namely a .38 caliber Smith & Wesson handgun, during and in relation to a drug trafficking crime, to wit: conspiracy to distribute cocaine, for which a person may be prosecuted in the Court of the United States" (Doc. 44 at 6). In pleading guilty, Moses waived any right to appeal except the limited right to appeal his sentencing. (Doc. 203 at 22.) See, e.g., United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995) (upholding waiver of right to appeal). Nevertheless, he appears to argue that because the superseding indictment merely "cited the word structure for 18 U.S.C. § 924(c) . . . without reference to the statute," it "fail[ed] to

4

put [him] on notice of offence [sic] charges in the body of the indictment." (Doc. 359 at 4.) This argument fails on its face. Section 924(o), which the indictment cites, makes it a crime to conspire to commit an offense under § 924(c), and § 924(c) makes it a crime to use or carry a firearm in relation to a drug trafficking crime or possess a firearm in furtherance of such a crime. The superseding indictment adequately tracks the statutory language of both §§ 924(c) and 924(o), and the cases Moses cites (Doc. 359 at 5) are inapposite.

II.     An Alleged Intervening Change in the Law

Although it also was filed outside the one-year AEDPA time limit, the Court finds that Moses' motion to amend based on allegedly new case law surrounding Rule 11 (Doc. 384) "relate[s] back" because it is "tied to a common core of operative facts" as the original petition. Mayle, 545 U.S. at 664. This amendment is thus timely under Rule 15(c)(2). It is, however, without merit.

Moses relies on United States v. Kyle, 734 F.3d 956 (9th Cir. 2013), and United States v. Davila, 133 S. Ct. 2139 (2013), to argue "new case law makes clear that this case should be reversed." (Doc. 384 at 6.) Because Moses raised his Rule 11 claim on direct appeal, reconsideration of that issue in a § 2255 petition "is permitted only where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal." United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001). Davila and Kyle do not mark such a change. Magistrate Judge Conroy already addressed Davila in his well-reasoned Report and Recommendation, and the Court agrees that Davila does not alter the Second Circuit's decision in United States v. Moses, 441 F. App'x 795 (2d Cir. 2011). See Doc. 374 at 26 n.12. Neither does Kyle. That another Circuit decided a district court violated Rule 11 -- based on the particular facts presented -- does not represent an "intervening change in the law." This motion to amend is yet another attempt to impermissibly

relitigate his Rule 11 claim. See United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal.") (internal quotation marks omitted).

In conclusion, the Magistrate Judge's Report and Recommendation (Doc. 374) is AFFIRMED, APPROVED and ADOPTED and Moses' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 351) is DENIED. Further, his motions to clarify a previous order of the Court (Doc. 356), compel discovery (Doc. 358), and appoint counsel (Doc. 373), all are DENIED, and his motion to proceed in forma pauperis (Doc. 372), is DENIED as moot. Moses' motion for acquittal (Doc. 359) (construed as a motion to amend his § 2255), and his motion to amend based on allegedly new case law (Doc. 384), are also DENIED.

Under Fed. R. App. P. 22(b), the Court DENIES Moses a certificate of appealability ("COA") because he has failed to make a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Court rejects the petition on its merits because Moses has failed to demonstrate that reasonable jurists would find the Court's "assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Further, because the petition is also dismissed on procedural grounds, the petitioner cannot be issued a COA due to his failure to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; see also Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) (citing Slack).

It is further certified that any appeal taken in forma pauperis from this Order would not be taken in good faith because such an appeal would be frivolous. See 28 U.S.C. § 1915(a).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of January, 2014.

                                            /s/ J. Garvan Murtha
                                            Honorable J. Garvan Murtha
                                            United States District Judge