UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

      v.                                                                                      Crim. No. 5:05-cr-133-gwc

Richard E. Moses, Jr.

**REPORT AND RECOMMENDATION**
(Doc. 395)

Richard Moses, through counsel, moves pursuant to the All Writs Act, 28 U.S.C. § 1651, to vacate his convictions sustained in this Court in 2008. (Doc. 395.) Following an August 11, 2008 guilty plea, Moses was convicted of one count of conspiring to distribute more than five kilograms of cocaine, 21 U.S.C. §§ 846, 841(b)(1)(A), one count of conspiring to possess a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(o), and one count of attempting to kill a government witness to prevent the witness from testifying in a criminal proceeding, 18 U.S.C. 1512(a)(1)(A). (Docs. 170, 313.) In his present Motion, Moses contends, as he has previously contended, that the district court involved itself in the plea negotiation process in violation of Fed. R. Crim. P. 11 and that he received ineffective assistance of counsel. Concluding that Moses's current Motion seeks to relitigate claims he raised in his direct appeal and in his first habeas corpus motion brought under 28 U.S.C. § 2255, Moses's Motion should be transferred to the Second

Circuit for the court of appeals to determine whether the district court has the authority to review Moses's second or successive habeas motion.

## Factual and Procedural Background

On January 5, 2010, after his guilty plea but prior to sentencing, Moses sought to withdraw his guilty plea, contending that he had received ineffective assistance of counsel. (Doc. 237.) On July 2, 2010, in a second motion to withdraw his guilty plea, Moses asserted that the Court had improperly involved itself in plea negotiations. (Doc. 272.) The Court denied both motions. (Doc. 281.) Subsequently, on October 27, 2010, after considering the applicability of the sentencing guidelines and the factors in 18 U.S.C. § 3553(a), United States District Judge J. Garvan Murtha imposed a sentence of 25 years, which was within the range the parties had stipulated to in the binding plea agreement entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C). (Doc. 321.)

Moses pursued a direct appeal. (Doc. 316.) On appeal, counsel for Moses again argued that the district court's purported participation in plea discussions invalidated the guilty plea, that the sentence was unreasonable, and that the government's decision to offer Moses a plea with a greater mandatory minimum sentence during trial violated his right to a jury trial. *United States v. Moses*, 441 F. App'x 795, 797 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 794 (2011). Moses also filed a *pro se* supplemental brief in which other issues were raised. The Second Circuit rejected all of these contentions, and affirmed the conviction and sentence in a summary order. *Id.*

On November 9, 2012, Moses, proceeding *pro se*, moved under 28 U.S.C. § 2255 to vacate his conviction. (Doc. 351.) Moses claimed that he received ineffective assistance of appellate counsel and once again claimed that the Court had impermissibly involved itself in plea discussions. (*Id.* at 5.) On January 9, 2014, the Court denied Moses' § 2255 motion, adopting a Report and Recommendation of the undersigned magistrate judge. (Doc. 386.) The Court also denied a certificate of appealability, concluding that Moses had failed to make a substantial showing of a denial of a constitutional right. (*Id.* at 6.) Moses pursued a direct appeal of the denial of his § 2255 motion. (Doc. 387.) On September 30, 2014, the Court of Appeals dismissed Moses's appeal, also concluding that Moses had failed to make a substantial showing of the denial of a constitutional right. (Doc. 390.)

## Analysis

Although Moses styles his current Motion as one brought pursuant to the All Writs Act, 28 U.S.C. § 1651, the Court concludes that Moses's Motion is clearly a second or successive habeas motion. Because the district court lacks jurisdiction to review successive habeas motions without authorization from the Court of Appeals, Moses's Motion should be transferred to the Second Circuit for review.

The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of*

3

*Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)).  In this case, Moses is challenging the validity of his federal conviction; therefore, the proper vehicle is the federal habeas statute, 28 U.S.C. § 2255.  *See Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir.2003) ("[F]ederal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255.").

However, because Moses has already pursued relief under § 2255, his current Motion "must be regarded as a 'second or successive' habeas motion under Section 2255(h).  *Brown v. United States*, No. 11 CV 3580(RJD), 2011 WL 4543060, at *1 (E.D.N.Y. Sept. 23, 2011) (citing *Quezada v. Smith*, 624 F.3d 514, 517–18 (2d Cir. 2010).  Specifically, Moses's petition is second or successive because he now seeks to attack the same judgment of conviction that he attacked in his initial § 2255 petition.  *See Quezada*, 624 F.3d at 517–18 (A "petition is second or successive if a prior petition 'raising claims regarding the same conviction or sentence [ ] has been decided on the merits.'" (alteration in original) (quoting *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir.1998))).

Under the Antiterrorism and Effective Death Penalty Act, a petitioner such as Moses seeking to file a second or successive petition must obtain leave of the appropriate court of appeals for an order authorizing the district court to consider the second or successive application.  28 U.S.C. § 2255(h)(1)–(2).  Furthermore, the Second Circuit has previously concluded that the various successive habeas petition requirements found in 28 U.S.C. § 2244(b) were incorporated by reference into 28

U.S.C. § 2255(h).  Section 2255(h) provides that a second or successive § 2255 motion must be authorized "as provided in section 2244."  Because that language "makes no effort to specify which provisions of § 2244 it intends to incorporate[,] . . . it is logical to assume that Congress intended to refer to all of the subsections of § 2244 dealing with the authorization of second and successive motions."  *Triestman v. United States*, 124 F.3d 361, 367 (2d Cir.1997) (importing other § 2244(b) requirements into § 2255(h)).  A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate court of appeals.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003).  Therefore, this Court cannot entertain Moses's Motion unless and until the Second Circuit certifies that it may do so.  *See* 28 U.S.C. § 2255(h).

## Conclusion

When a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the circuit court pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court.  *Torres*, 316 F.3d at 151–52. Therefore, I recommend that Moses's Motion be transferred to the Second Circuit for review.  *See Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005) (stating the requirements on second or successive habeas petitions under section 2244(b)(1)–(3), and noting that "before the district court may accept a successive petition for filing,

the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).").

Dated at Burlington, in the District of Vermont, this 19th day of March 2018.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).