U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 MAY 15 PM 4:07

CLERK

BY ⟨signature⟩
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:05-cr-133 |
| ) | |
| RICHARD E. MOSES, JR., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**
**(Docs. 395, 398)**

Richard Moses has filed an "Application under the All Writs Act," asserting that his August 2008 guilty plea was rendered involuntary because the court violated Fed. R. Crim. P. 11(c)(1) by participating in plea negotiations in the midst of trial, and that his counsel was ineffective for allowing the alleged Rule 11 violation to go unchallenged. (*See* Doc. 395.) He requests that his conviction and sentence be vacated so that he can re-plead or be resentenced. (*Id.* at 15.) The United States Magistrate Judge issued a Report and Recommendation (R&R) on March 19, 2018, construing Moses's application as a second or successive habeas motion under 28 U.S.C. § 2255, and recommending that the case be transferred to the Second Circuit under 28 U.S.C. §§ 1631, 2254(b), and 2255(h). (Doc. 398.) Moses has filed objections to the R&R, arguing that his application should not be construed as a second or successive § 2255 motion, and alternatively requesting that the court recuse itself and that venue be changed to a location outside of the northeastern United States. (*See* Doc. 403.)

After careful review of the record, the parties' filings, and the Magistrate Judge's R&R, the court AFFIRMS, APPROVES, and ADOPTS the R&R in its entirety.

## I. Standard Governing Review of the R&R

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. The district judge is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The court considers the following factors when determining whether to consider new legal arguments raised for the first time in an objection to an R&R:

> (1) the reason for the litigant's previous failure to raise the new legal argument;
> (2) whether an intervening case or statute has changed the state of the law;
> (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered.

*Dimaggio v. Colvin*, No. 5:13-cv-296, 2015 WL 4392954, at *2 (D. Vt. July 15, 2015) (quoting *Wells Fargo Bank, N.A. v. Sinnott*, No. 2:07-CV-169, 2010 WL 297830, at *4 (D. Vt. Jan. 19, 2010)).

## II. Background

The following background is drawn from the court's docket entries in this case, Moses's description of the procedural background (Doc. 395 at 4, 13), and the Magistrate Judge's R&R, including his recitation of the factual and procedural background (Doc. 398 at 1–2). None of the relevant procedural background appears to be in dispute. Moses does assert that he has new evidence, which the court describes below.

2

## A. Indictment, Trial, and Plea

On June 20, 2006, Moses was charged in this court on a 15-count superseding indictment that alleged drug-trafficking and firearms offenses, the use of interstate commerce facilities in the commission of murder-for-hire, and tampering with a witness, victim, or informant. (*See* Doc. 44.) A jury trial commenced on August 6, 2008, with Judge J. Garvan Murtha presiding. (Doc. 167.) Attorney Lamar Enzor represented Mr. Moses.

The court held a bench conference on the second day of trial, August 7, 2008. At the sidebar, the court inquired what Moses's sentencing exposure was, and Attorney Enzor stated that he was facing up to life without parole, and that there was an outstanding question about whether the sentence might be mandatory life imprisonment. (Doc. 238 at 2.) After some additional discussion, the court stated to Attorney Enzor:

> If [Moses] is not willing to do that [accept the plea agreement that was originally proposed, which contemplated a 15-year minimum sentence], fine. But I think the way this trial is going he's got some problems. If other witnesses are going to testify in a similar manner to the witnesses I've seen so far you've got some real problems here.

(*Id.* at 6.) Attorney Enzor said "I understand." (*Id.*) The court then stated: "[Y]ou know, 15 years is a lot of years or 16 years or whatever. But life is, that's, as you know, many years." (*Id.*) Attorney Enzor stated that he would be glad to speak with his client about it. (*Id.*)

On the fourth day of trial, August 11, 2008, Moses signed a plea agreement in which he agreed to plead guilty to three of the counts against him. (Doc. 170.) The court accepted his plea on that date. On January 5, 2010, through new counsel Richard Bothfeld, Moses sought to withdraw his guilty plea, contending that he had received ineffective assistance from Attorney Enzor. (Doc. 237.) On July 2, 2010, Attorney Bothfeld had a motion to withdraw pending (Doc. 256), and on that date Moses himself filed a "Motion to Withdraw Plea Because of a Violation by the Court in Rule 11(c)(1)." (Doc. 272.) Moses claimed that, at the bench

3

conferences on August 7–8, 2008, the court had initiated plea discussions and told Attorney Enzor to see if Moses would accept a fifteen year minimum. (Doc. 272 at 4.) The court denied Attorney Bothfeld's motion to withdraw as counsel on June 24, 2010 (Doc. 270), and denied both of Moses's motions to withdraw his plea on September 7, 2010. (Doc. 281.)

## B. Sentencing and Direct Appeal

After an October 27, 2010 hearing, the court sentenced Moses to a total term of imprisonment of 25 years, plus 10 years of supervised release, and criminal monetary penalties and forfeiture of property. (Docs. 312, 313.) Moses pursued a direct appeal, arguing, among other things, that Judge Murtha had impermissibly participated in plea discussions in violation of Fed. R. Crim. P. 11(c)(1). *United States v. Moses*, 441 F. App'x 795, 797 (2d Cir. 2011) (summary order), *cert. denied*, 132 S. Ct. 794 (2011). The Second Circuit rejected that argument, reasoning that Judge Murtha's comments must be considered in context, and that the purpose of the court's statements was not to pressure Moses to plead guilty, but "was to ensure that Moses' attorney was aware of the prosecution's plea offers and was communicating them to his client." *Id.* The court explained that Attorney Enzor was Moses's fourth lawyer, and that "the record of the sidebar suggests counsel was unaware that the prosecution had made plea offers." *Id.* The court further stated that any error was harmless because there was no evidence that the comments made at the sidebar were relayed to Moses or affected his decision to plead guilty. *Id.*[1]

## C. 2012 Habeas Motion

On November 9, 2012, Moses, proceeding *pro se*, moved under 28 U.S.C. § 2255 to vacate his conviction. (Doc. 351.) In his 42-page memorandum in support, he argued, among

---

[1] The court also rejected all of Moses's other arguments on appeal. *See id.*

4

other things, that his guilty plea was void because it was obtained in violation of Rule 11(c)(1)'s prohibition on the court's participation in plea agreement discussions. (Doc. 351-1 at 10.) The Magistrate Judge recommended that Moses's § 2255 motion be denied (Doc. 374), and the court adopted that recommendation on January 9, 2014. (Doc. 386.) Moses appealed, and the Second Circuit dismissed the appeal on September 30, 2014, concluding that Moses had failed to make a substantial showing of the denial of a constitutional right. (Doc. 390.) Moses filed his application under the All Writs Act in this court on January 29, 2018. (Doc. 395.)

## III. Recusal

Moses asserts that his case should be decided "by a different judge from a different venue." (Doc. 403 at 3.) He maintains that because of Judge Murtha's "inherent reputation and profound influence, it would be difficult for any judge in [the District of Vermont], in the court of appeals or other federal courts in the Northeastern United States to rule in favor of Moses." (*Id.*) The court views this statement to be directed at rulings on the merits of his application rather than on the jurisdictional issue discussed in the R&R. Nevertheless, out of an abundance of caution, the court begins with the recusal question first.[2]

There is no basis for recusal in this case. Section 455 of Title 28 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moses fails to articulate any persuasive reason why the undersigned's impartiality might reasonably be

---

[2] Moses's application is directed to this court and does not seek recusal. The R&R therefore does not address that issue. Moses raises it for the first time in his objection to the R&R. Considering the factors set forth in *Dimaggio*, 2015 WL 4392954, at *2, the court concludes that the main factors favoring consideration of the recusal issue are the factors relating to fairness and justice. If there is a basis for recusal, then it might be unjust to decline to reach the issue.

5

questioned. Notably, the undersigned judge was not involved in any aspect of this case until recently, having been assigned to the case on the same date that Moses filed his application under the All Writs Act. Judge Murtha is a respected judge of this district (now on inactive status), but that is not a basis for the undersigned's recusal. *See Jenkins v. Sladkus*, No. 04 Civ. 1595(LAK), 2004 WL 1238360, at *1 (S.D.N.Y. June 3, 2004) ("[T]he pendency of accusations against a colleague of a judge is not alone sufficient to require recusal.").

## IV. Jurisdiction—Is Moses's Application a Second or Successive Habeas Motion?

The R&R concludes that Moses's application under the All Writs Act, 28 U.S.C. § 1651, is "clearly a second or successive habeas petition." (Doc. 398 at 3.) The R&R accordingly concludes that, absent certification from the court of appeals under 28 U.S.C. § 2255(h), the district court is deprived of jurisdiction. (*Id.* at 5.) Moses objects to the R&R's interpretation of his application, arguing that it is a "continuation of the question previously posed to this Court," and that the question is now "ripe" for review because of new evidence. (Doc. 403 at 2, 6.)

The "new evidence" is Attorney Enzor's June 7, 2017 declaration. (Doc. 395-2.) In that declaration, signed under 28 U.S.C. § 1746, Attorney Enzor states:

> After the August 7, 2008, sidebar conference with Judge Murtha, I relayed to Moses Judge Murtha's perception of the evidence in the case thus far, and how Judge Murtha believed Moses had "problems" if more witnesses continued to testify in the same manner as the witnesses who had testified thus far. I further told Moses about what Judge Murtha had said concerning a plea to 15 years being, for example, better than a life sentence. Per Judge Murtha's discussion during the sidebar, I also asked Moses if he was interested in accepting the Government's original 15 year plea offer—with the caveat that it was not clear yet if AUSA Van de Graaf had the authority to reoffer this deal.

(Doc. 395-2 ¶ 9.) Attorney Enzor goes on to say:

> I do not believe that Moses would have pled guilty had Judge Murtha not brought up the possibility of Moses accepting a plea during the August 7, 2008, sidebar. Moses had always been steadfastly opposed to entering any kind of guilty plea. We were in the middle of trial. The idea of a guilty plea had been completely foreclosed by Moses through his decision to proceed to trial. . . . I also do not

6

> believe the Government would have re-offered the plea to Moses but for the [sic] Judge Murtha's comments during the August 7, 2008, sidebar. . . .

(*Id.* ¶¶ 15–16.)

The court concludes that, whatever value Attorney Enzor's declaration might have to the merits of Moses's application, it is irrelevant to the jurisdictional question. The court agrees with the R&R that, although Moses's application purports to be brought under the All Writs Act, it can only be a § 2255 motion. *See Barrett v. Prison Health Servs., Inc.*, 647 F. Supp. 2d 314, 318 (D. Vt. 2009) ("[T]he nature of a motion is determined by its substance and not the label attached to it." (alteration in original) (quoting *Rosado v. Johnson*, 589 F. Supp. 2d 398, 400 (S.D.N.Y. 2008))). Moses is a prisoner under sentence of this court, and he claims in his application that his sentence was imposed in violation of the law (Rule 11(c)(1)). His application is therefore, in substance, a motion under 28 U.S.C. § 2255. To the extent that the All Writs Act has any bearing in this case, it is not controlling because § 2255 specifically addresses the issue at hand. *See Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").

Since Moses previously filed and litigated a § 2255 motion regarding the same conviction and sentence, his application is a "second or successive" § 2255 motion under 28 U.S.C. § 2255(h). The fact that Moses claims to have new evidence does not alter this conclusion. Indeed, § 2255(h) specifically contemplates that a prisoner might claim to have new evidence. 28 U.S.C. § 2255(h)(1). It remains for the appellate court to determine whether that new evidence warrants certification. Absent such certification, this court lacks jurisdiction to entertain Moses's motion. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *see also*

7

*Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003) (authorization requirement for second or successive applications is jurisdictional). The appropriate procedure is to transfer the case to the Second Circuit under 28 U.S.C. § 1631. *See Torres*, 316 F.3d at 151–52 ("[A] district court must transfer uncertified successive motions to this Court pursuant to 28 U.S.C. § 1631, the provision authorizing transfer to cure want of jurisdiction.").

## Conclusion

The court AFFIRMS, APPROVES, and ADOPTS the R&R (Doc. 398) in its entirety.

Moses's "Application under the All Writs Act" (Doc. 395) is a "second or successive" petition under 28 U.S.C. § 2255(h), and cannot be adjudicated in this court absent certification by the Second Circuit. Under 28 U.S.C. § 1631, the application is accordingly TRANSFERRED to the Second Circuit.

Dated at Rutland, in the District of Vermont, this 15 day of May, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court

8